# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 1:20-cv-2514-TWT |
| | ) |
| CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5, | ) ) ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT CITY OF ATLANTA'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

**COMES NOW**, Defendant City of Atlanta (the "City"), by and through its undersigned counsel, and hereby responds to Plaintiff's Third Request to Produce as follows:

The City makes the following objections to Plaintiff's Third Discovery Requests. These objections apply to all responses made by the City to Plaintiff's specific Discovery Requests, to the extent necessary and applicable, as if specifically made within the particular response to the applicable Discovery Request. The City's failure to include any general objection within a response to a specific Discovery Request does not constitute a waiver of that particular objection. It is the City's intention to provide answers to all Discovery Requests which are discoverable under

1

the Civil Practice Act and that are responsive to these Discovery Requests. In no event will the City provide to Plaintiff responses which are exempt from discovery under the Civil Practice Act or other applicable law, or which are not relevant to the subject matter of this lawsuit, or which are not likely to lead to relevant discoverable evidence.

1.

The City objects to Plaintiff's Discovery Requests to the extent that they, or any instructions or definitions contained in the Discovery Requests purport to impose obligations upon the City in excess of, in addition to or not contained within the Federal Rules of Civil Procedure.

2.

The City objects to Plaintiff's Discovery Request to the extent that they seek information which is protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege or any other confidential or evidentiary privilege doctrine or which is a part of a pending investigation.

3.

The City objects to Plaintiff's Discovery Requests to the extent that they seek to obtain information unrelated to the subject matter of this lawsuit in that such Discovery Requests are overly broad, unduly burdensome and unlikely to lead to any evidence relevant to the subject matter of this lawsuit.

4.

The City objects to every request to produce that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Plaintiff.

5.

The City objects to Plaintiff's Discovery Requests to the extent that Plaintiff uses terms related to the "knowledge" or "awareness" of the City on grounds that the City has knowledge or awareness only through its employees or agents.  The City shows that it will answer any such Discovery Requests which is within the scope of the Federal Rules of Civil Procedure and which seeks "knowledge" based on information communicated through its Board and/or based on documents maintained in appropriate files during the applicable period of retention of records.

6.

The City objects to every request to produce that calls for the production of any documents containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for the City, on the grounds that such information is protected by the attorney work product doctrine.

3

7.

The City objects to every request to produce that is overly broad, unduly burdensome, harassing, duplicative or which requests documents which are already in the possession of Plaintiff.

8.

The City objects to every request to produce that calls for information which is neither relevant to the subject matter of the pending Amended Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Amended Complaint.

Subject to and without waiver of the foregoing General Objections, for purpose of clarity, the City has set forth each of Plaintiff's Discovery Requests followed by the City's responses.

## **REQUESTS FOR PRODUCTION**

37.

Please produce all documents, including, but not limited to memos, letters, and reports, whereby a City of Atlanta Police Department employee recommended, requested, or demanded, that a police officer's final disposition following an OPS investigation into the use of excess force be changed from "sustained" to "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

**RESPONSE: The City objects to Request for Production No. 37 on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited to lead to the discovery of relevant or admissible evidence.**

38.

Please produce all documents relating to OPS investigations into the use of excessive force where the City of Atlanta Police Department received a letter from the Atlanta Citizen Review Board recommending that an allegation of excessive force be "sustained," but the City of Atlanta found otherwise, e.g., "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

**RESPONSE: The City objects to Request for Production No. 38 on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited to lead to the discovery of relevant or admissible evidence.**

39.

Please produce all OPS recommendations to sustain allegations of excessive force against City of Atlanta police officers from January 1, 2015 through the present.

**RESPONSE: The City objects to Request for Production No. 39 on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited to lead to the discovery of relevant or admissible evidence.**

40.

5

For every City of Atlanta police officer whom OPS investigated for the use of excessive force and recommended the allegation be sustained from January 1, 2015 through the present, please produce that officer's Performance Evaluation for the period in which the use of excessive force occurred. **Note:** For example, if OPS investigated and recommended an allegation of excessive force be sustained against Officer John Smith arising from an incident that occurred on June 5, 2018, Officer's Smith's 2018 Performance Evaluation would be responsive.

**RESPONSE: The City objects to Request for Production No. 40 on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited to lead to the discovery of relevant or admissible evidence**

41.

Please produce all complaints, grievances, or other documents, where a City of Atlanta police officer complained that he or she experienced retaliation, retribution, or other negative treatment, after he or she either: (a) reported another officer for the use of excessive force, (b) offered a statement adverse to another officer accused of excessive force, or (c) testified in an official proceeding in a manner adverse to another police officer accused of excessive force.

**RESPONSE: The City objects to Request for Production No. 41 on the grounds that it is overly broad, unduly burdensome, and not sufficiently limited**

6

**to lead to the discovery of relevant or admissible evidence.**

42.

Please produce the complete "unit file" for Defendant Vickers, including, but not limited to, any written reprimands, records of oral admonishment, and citations, etc.

**RESPONSE: Please see the attached document Bates-labeled GRIFFIN v. COA 2252.**

43.

Please produce the complete "unit file" for Defendant Abad, including, but not limited to, any written reprimands, records of oral admonishment, and citations, etc.

**RESPONSE: The City has no documents responsive to Request No. 43. However, discovery is ongoing and the City reserves its right to supplement this response as necessary.**

This 20th day of November, 2020.

Respectfully Submitted,

*/s/ Alisha Marie S. Nair*
**ALISHA MARIE S. NAIR**
Attorney
Georgia Bar No. 806033
amnair@atlantaga.gov
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594

7

                                                  sjmiller@atlantaga.gov
                                                  **JACQUITA PARKS**
                                                  Assistant City Attorney
                                                  Georgia Bar No. 205537
                                                  japarks@atlantaga.gov
                                                  *Attorneys for Defendants*

**CITY OF ATLANTA - LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, GA 30303
Office: 404-546-4185
Fax: 404-588-3239

8

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TYLER GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO: 1:20-cv-2514-TWT** |
| | ) |
| **CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2020, I served the foregoing ***DEFENDANT CITY OF ATLANTA'S RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION*** on all parties via electronic mail as indicated below:

**JAMES E. BUTLER, III**
**MATTHEW R. KAHN**
jeb@butlerfirm.com
matt@butlerfirm.com

Respectfully Submitted,

*/s/ Alisha Marie S. Nair*
**ALISHA MARIE S. NAIR**
Attorney
Georgia Bar No. 806033
amnair@atlantaga.gov

9