# EXHIBIT F



# City of Atlanta
Atlanta Police Department

# Internal Correspondence

MEMORANDUM

TO:     Memo to File

FROM:   Lieutenant J.D. Webb

DATE:   June 1, 2012

RE:     Request for disposition change

Per Deputy Chief E. Finley (FOD), please change the final disposition from **Sustained** to **Not Sustained**. Chief Finley's recommendation letter is enclosed.

Cc:

Document1

GRIFFIN V. COA 000775



# City of Atlanta
Atlanta Police Department

Internal Correspondence

## MEMORANDUM

**TO:** Major E. B. Dancy

**FROM:** Deputy Chief E. N. Finley

**DATE:** February 13, 2012

**RE:** OPS File #10-C-0324-UAF (Officer Donald Vickers)

I have reviewed the above file and taken the following actions:

Concur with Section Commander: _____

Did not concur with Section Commander: _____

Recommended Discipline Modified: __X__

My recommendation is as follows:

| | | | | |
|---|---|---|---|---|
| Non-Adverse actions: | OA | _____ | WR | _____ |
| Adverse actions: | Suspension | _____ | Termination | _____ |
| Non-Disciplinary: | Not Sustained | __X__ | Exonerated | _____ |
| | Exc. Closed | _____ | Unfounded | _____ |

ENF/mmf

GRIFFIN V. COA 000776



City of Atlanta | Internal Correspondence
Atlanta Police Department

MEMORANDUM

TO: Major E. B. Dancy

FROM: Deputy Chief E. N. Finley

DATE: February 13, 2012

RE: **OPS FILE #10-C-0324-UAF (OFFICER DONALD VICKERS)**

On February 13, 2012, I conducted an Employee Response Session with Officer Donald Vickers in reference to the adverse action he was facing for violating Work Rule 4.2.50 (Maltreatment or Unnecessary Force) as outlined in OPS File #10-C-0324-UAF.

After reviewing the contents of the investigative file and considering the information provided by Officer Vickers and his representative during the Employee Response Session, I did not feel that the evidence contained in the investigative file supported the sustained charge as recommended by OPS. In reviewing the investigation and disposition memo completed by Lieutenant Webb, he stated that Work Rule 4.2.50 (Maltreatment or Unnecessary Force) should be sustained against Officer Vickers. His memo specifically states "Officer Vickers stated in his verbal testimony that he did utilize his foot towards Mr. Usher as he attempted to get him into the vehicle. It also appears Officer Vickers was utilizing his foot to push a much larger resisting male into the vehicle who was refusing to comply with commands to get into the vehicle."

In reviewing the statements made by Officer Vickers, when asked if he kicked Mr. Usher he stated "There was a lot going on, I want to say that I did not, but there as a time that I may have during the struggle." In his addendum statement Officer Vickers was asked "Where exactly do you think you may have kicked him?" and his response was "If I kicked him it would have been in his back or the back of his legs because his back was to me the whole time, but as far as I can say I don't recall kicking him and it is a good chance that I did not kick him." He was then asked "Did you or did you not kick Mr. Usher?" and Officer Vickers response was "At one point, I was slammed up against the car by Mr. Usher and being that Mr. Usher was bigger and outweighed by well over 100lbs, I did take him to the ground by taking his feet from under him and he continued to resist the whole time to the point that while I was struggling with him, I know that I had to pretty much drag him into the patrol car. I don't think I kicked Mr. Usher during the process, but I can't say for sure." At no time in his statements does Officer Vickers state that he kicked Mr. Usher and none of the statements provided by Officer Vickers support the assumption that he used his foot to force Mr. Usher into the vehicle.

GRIFFIN V. COA 000777

OPS FILE #10-C-0324-UAF (OFFICER DONALD VICKERS)
February 13, 2012
Page 2

When Officer Storno was questioned as a witness he was asked "Did you see Officer Vickers kick Mr. Usher?" his response was "No, I do not recall seeing that." He also stated "For the next couple of minutes, myself, Officer Vickers and Officer Turner who had arrived on the scene. We briefly struggled with Mr. Usher trying to place him in the back seat of the patrol vehicle." Officer Alicia Turner was also questioned as a witness and stated "To the best of my remembrance, Vickers was trying to get the guy in back of the car, but the guy would not get in the back of the car. The guy was a big guy and he was refusing to bend, he was standing up straight. I don't know if they asked for other units or what, but I ended up talking the guy into the car". Both of the witness statements support Officer Vickers contention that he doesn't remember ever kicking Mr. Usher. Also, one would have to assume that if Officer Vickers used his foot on Mr. Usher to force him into the patrol vehicle it would have been witnessed by Officer Turner and Officer Storno since both officers assisted in getting Mr. Usher into the vehicle. Furthermore, the complainant, Mr. Usher, and his girlfriend never made any allegation that Officer Vickers used his foot to force Mr. Usher into the patrol vehicle. It should also be noted that none of the people who were provided as witnesses by Mr. Usher made a statement for this investigative file.

Based on my additional review of the statements and documentation contained in the investigative file, as well as the verbal statement provided by the officer, I do not feel there is sufficient evidence to prove that Officer Vickers ever violated Work Rule 4.2.50 (Maltreatment or Unnecessary Force). Therefore, I have made the decision to modify the recommended disposition for this work rule from sustained to **not sustained** for OPS File #10-C-0324-UAF.

ENF/mmf

Page 2

GRIFFIN V. COA 000778



City of Atlanta                                Internal Correspondence

Atlanta Police Department

**DO NOT REMOVE THIS DOCUMENT FROM FILE**

MEMORANDUM

TO: Major C. R. Hampton

FROM: Deputy Chief J. L. Glazier

DATE: July 20, 2018

RE: **OPS COMPLAINT INVESTIGATION #17-C-0353-UAF**

Attached is OPS Complaint Investigation #17-C-0353-UAF involving Officer Donald Vickers. In reviewing the completed adverse action, I **do not concur** that the disposition for Work Rule 4.2.33 (Conformance to Directives) should be changed to not sustained. There is no significant information that has been added to this file from when I originally reviewed it and determined that Officer Vickers was in violation of this work rule. Based on this information, the file is being returned to have the appropriate supervisor reissue the adverse action to Officer Vickers for Work Rule 4.2.33 (Conformance to Directives).

The file will need to be returned to the FOD/Administrative Office with the completed action by **Friday, August 3, 2018**.

If you have any questions in regard to this information, please feel free to contact Sergeant M. Fuller at (404) 546-7786.

JLG/mmf

GRIFFIN V. COA 001043

City of Atlanta — Internal Correspondence
Atlanta Police Department

**DO NOT REMOVE THIS DOCUMENT FROM FILE**

MEMORANDUM

TO: Major C. R. Hampton

FROM: Deputy Chief J. L. Glazier

DATE: May 18, 2018

RE: **OPS COMPLAINT INVESTIGATION #17-C-0353-UAF**

Attached is OPS Complaint Investigation #17-C-0353-UAF involving Officer Donald Vickers. After careful review of this investigation, I did not agree with the recommended disposition by the officer's chain of command. Please have the appropriate supervisor issue the adverse action to Officer Vickers for Work Rule 4.2.33 (Conformance to Directives).

The file will need to be returned to the FOD/Administrative Office with the completed action by **Monday, June 4, 2018**.

If you have any questions in regard to this information, please feel free to contact Sergeant M. Fuller at (404) 546-7786.

JPS/mmf

City of Atlanta                                    Internal Correspondence

Atlanta Police Department

# MEMORANDUM

**TO:**     Deputy Chief J. Glazier

**FROM:**   Major C. Murphy

**DATE:**   May 17, 2018

**RE:**     Chain-of-Command Review OPS File: #17-C-0353-UAF

**ATTENTION: Expedite Response, Return Complaint File by May 27, 2018**

This complaint of alleged misconduct on the part of Off. D. Vickers has been investigated by this office. Sufficient facts were gathered and evidence collected to **Sustain** the allegation(s). Command is required to review and complete all sections of the Notice of Proposed Adverse Action (NPAA) and the Notice of Final Adverse Action (NFAA).

Please expedite your review and have the complaint file returned to the Office of Professional Standards on or before the date indicated above. Please keep in mind that APD.SOP. 2020 § Disciplinary Process requires the following:

*All citizen complaints, regardless of the nature of the complaint, shall be investigated and adjudicated within one hundred and eighty (180) days of the complaint. Failure to timely resolve citizen complaints may result in disciplinary action.*

Should you have any questions or concerns, please contact me directly.

Thank you.

*Date Stamp the Appropriate Block*

| Delivered to Division | Delivered to Section | Returned to Division | Returned to OPS |
|---|---|---|---|
|  |  |  |  |

ActMemo3b

**GRIFFIN V. COA 001045**

# ATLANTA POLICE DEPARTMENT
## NOTICE OF PROPOSED ADVERSE ACTION (NPAA)
**OPS CONTROL #: 17-C-0353-UAF**

| NAME (LAST, FIRST, MI) | 4 DIGIT ID | POSITION # | CLASSIFICATION | DIVISION | SECTION | WATCH |
|---|---|---|---|---|---|---|
| VICKERS, DONALD | ■ | | OFFICER | FOD | Z1 | MW |

| EMPLOYEE STATUS | | | PERSONNEL ORDER # | DISTRIBUTION | EMERGENCY ACTION? | |
|---|---|---|---|---|---|---|
| PERMANENT [X] | PROBATION [ ] | OTHER [ ] | APD.PO.18.109 | 7 | YES [ ] | NO [X] |

| | | |
|---|---|---|
| XXX | Suspension without pay for __2__ working days. | Date NPAA Issued: 7/31/18 |
| ___ | Suspension without pay pending adjudication of criminal charges. | |
| ___ | Demotion from _____ to _____ | |
| ___ | Dismissal | Effective Date of Action: 8/15/18 |
| ___ | Other _____ | |

**NARRATIVE (Reasons for Adverse/Emergency Action)**

The specific disciplinary action proposed for each Departmental work rule or other violation you are charged with is as follows:

| RULE VIOLATION | DISCIPLINARY ACTION |
|---|---|
| **Work Rules 4.2.33**<br>**Conformance to Directives** | **2 DAY SUSPENSION** |

*See attached page(s) for the specifics of the violation(s).*

**TO EMPLOYEE:** If you choose to respond to this notice, you have a right to one or both of the following:

1. You may make a written response which must be received by the Disciplinary Authority named below by on __8-7-18__ a __6:00 pm__
2. You may appear personally before the Disciplinary Authority named below on __8-7-18__ at __6:00 pm__ At his/her office to present an oral and/or written response. You may have a representative with you at this meeting. Prior to the time set for your meeting with the Disciplinary Authority you may request to reschedule the appointment by calling him or her at: __404-372-0754__
The granting of such a request is at the discretion of the disciplinary authority.

Captain Timothy A. Brown                                    [signature] 7/31/18

TITLE AND NAME OF DISCIPLINARY AUTHORITY (PRINT OR TYPE NAME)      DISCIPLINARY AUTHORITY'S SIGNATURE AND DATE

[signature] 08/31/2018                                       [signature] 7/31/18

EMPLOYEE SIGNATURE & DATE (Indicates receipt ONLY not agreement with action)   WITNESS SIGNATURE AND DATE

P - ___ - ___ - ___

Original to OPS; photocopy: to employee; to employee's supervisor; to Personnel and Human Resources; to Personnel Section (2) & to Chief of Police

APD-832 revised 1/1/2000

GRIFFIN V. COA 001046

## ATLANTA POLICE DEPARTMENT
## ADVERSE ACTION CONTINUATION
### NOTICE OF PROPOSED ADVERSE ACTION   OPS CONTROL #: 17-C-0353-UAF

| NAME (LAST, FIRST, MI) | 4 DIGIT ID | POSITION # | CLASSIFICATION |
|---|---|---|---|
| VICKERS, DONALD | ■ | | OFC |

### NARRATIVE (REASONS FOR EMERGENCY ACTION)

**GENERALLY:** You are charged with violating Rule 4.2.33 of the Employee Work Rules of this Department. Said Rules states:

<u>Conformance to Directives</u>

1. Employees are required to familiarize themselves with, and conform to, the rules, regulations, directives, and standard operating procedures of the Department.

**SPECIFICALLY:** On May 18, 2017, you arrested Mr. Willie Thurmond for an outstanding warrant. You transported Mr. Thurmond to Grady Detention due his severe intoxication. As you were physically escorting Mr. Thurmond, he made contact with the double door located inside. A complainant/witness alleged that you were observed ramming Mr. Thurmond into the door while he was handcuffed. The complainant further advised that Mr. Thurmond fell to the floor and appeared to lose consciousness. You failed to transport Mr. Thurmond in a manner that ensured his safety security, and welfare.

Your actions in the aforementioned instances are contrary to APD.SOP. 3030/2.2 Arrest Procedures.

Captain Timothy A Brown
TITLE AND NAME OF DISCIPLINARY AUTHORITY

DISCIPLINARY AUTHORITY'S SIGNATURE AND DATE   7-31-18

07/31/2018
EMPLOYEE'S SIGNATURE & DATE (Indicates receipt ONLY not agreement with action)

WITNESS SIGNATURE AND DATE   7/31/18

Form APD-834 revised 1/1/2000

P- _____ - _____ - _____

Original to OPS; photocopy: to employee; to employee's supervisor; to Personnel and Human Resources; to Personnel Section (2) & to Chief of Police

**GRIFFIN V. COA 001047**