# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO. 1:20-CV-02514-TWT |

## PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF ATLANTA

Plaintiff serves these Requests for Production upon the above-named Defendant and requests that they be fully answered in writing and under oath within the time provided by law. These Requests are served pursuant to Rule 34 of the Federal Rules of Civil Procedure and other applicable law.

**As to timing:** If you need a reasonable extension of time to complete your responses and you timely notify the undersigned of that need, Plaintiff will agree to a reasonable extension. However, *Defendant must agree to provide all discoverable and properly requested evidence by that extended deadline, except for*

*evidence withheld pursuant to claims of privilege in compliance with Fed. R. Civ. P. 26(b)(5)*. Let us know how much time you need to do that. What Plaintiff seeks to avoid are protracted discovery disputes and motions practice. For that reason, Plaintiff will agree to any reasonable extension as long as, by the extended deadline, Defendant responds as specified above so that no more back-and-forth will be required before Plaintiff is in possession of all properly-requested, non-privileged evidence and information.

These Requests are 'continuing.' Therefore, please supplement or amend any response if there is any change, or any perceived change, in a fact, in the availability of evidence, in the knowledge of a witness or party, in the identity of a witness, or any other relevant circumstance. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

If you would like an electronic copy of these requests in Microsoft Word format so that you can type your response underneath the request to which it responds, please let us know and we will provide one.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. "**Document**" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other communications whether electronic or 'hard copy.'

2. "**Identify**"

    a) With respect to any *person*, "**identify**" means to provide that person's last known contact information (phone, postal address, and email address), and a description of the person's connection with the events in question.

    b) With respect to any *document*, "**identify**" means to provide the title of the document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

3. "**Incident**" or "**subject incident**" refers to the incident made the basis of the Complaint.

4. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

5. "**Plaintiff**" refers to Tyler Griffin.

6. "**You**" or "**your**" refers to the Defendant to whom these requests are addressed.

## REQUESTS FOR PRODUCTION

37.

Please produce all documents, including, but not limited to memos, letters, and reports, whereby a City of Atlanta Police Department employee recommended, requested, or demanded, that a police officer's final disposition following an OPS investigation into the use of excess force be changed from "sustained" to "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

38.

Please produce all documents relating to OPS investigations into the use of excessive force where the City of Atlanta Police Department received a letter from the Atlanta Citizen Review Board recommending that an allegation of excessive

force be "sustained," but the City of Atlanta found otherwise, e.g., "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

39.

Please produce all OPS recommendations to sustain allegations of excessive force against City of Atlanta police officers from January 1, 2015 through the present.

40.

For every City of Atlanta police officer whom OPS investigated for the use of excessive force and recommended the allegation be sustained from January 1, 2015 through the present, please produce that officer's Performance Evaluation for the period in which the use of excessive force occurred.  **Note:** For example, if OPS investigated and recommended an allegation of excessive force be sustained against Officer John Smith arising from an incident that occurred on June 5, 2018, Officer's Smith's 2018 Performance Evaluation would be responsive.

41.

Please produce all complaints, grievances, or other documents, where a City of Atlanta police officer complained that he or she experienced retaliation, retribution, or other negative treatment, after he or she either: (a) reported another

officer for the use of excessive force, (b) offered a statement adverse to another officer accused of excessive force, or (c) testified in an official proceeding in a manner adverse to another police officer accused of excessive force.

42.

Please produce the complete "unit file" for Defendant Vickers, including, but not limited to, any written reprimands, records of oral admonishment, and citations, etc.

43.

Please produce the complete "unit file" for Defendant Abad, including, but not limited to, any written reprimands, records of oral admonishment, and citations, etc.

Respectfully submitted this 21st day of October 2020.

                                        BUTLER LAW FIRM

                                        BY: _/s/ Matthew R. Kahn_
                                               JAMES E. BUTLER, III
                                                 Georgia Bar No. 116955

10 Lenox Pointe                         MATTHEW R. KAHN
Atlanta, Georgia 30324              Georgia Bar No. 833443
jeb@butlerfirm.com
matt@butlerfirm.com
 (t) 678 940 1444
 (f) 678 306 4646                         **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2020, I served the foregoing

***PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF ATLANTA*** on via electronic mail:

> Alisha Marie S. Nair,
> Staci J. Miller, and Jaquita Parks
> City of Atlanta Department of Law
> 55 Trinity Avenue, Suite 5000
> Atlanta, Georgia 30303
> amnair@atlantaga.gov
> sjmiller@atlantaga.gov
> japarks@atlantaga.gov

BUTLER LAW FIRM

BY:   */s/ Matthew R. Kahn*
    JAMES E. BUTLER, III
     Georgia Bar No. 116955
    MATTHEW R. KAHN
     Georgia Bar No. 833443

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
matt@butlerfirm.com
(t) 678-940-1444
(f) 678-306-4646           **ATTORNEY FOR PLAINTIFF**