## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 1:20-cv-2514-TWT |
| | ) |
| CITY OF ATLANTA, DONALD | ) |
| VICKERS, MATTHEW ABAD, | ) |
| and JOHN DOE # 1-5, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S RENEWED MOTION TO COMPEL**

**COME NOW**, Defendants City of Atlanta, Donald Vickers, and Matthew Abad (collectively, "City Defendants") and file this Defendants' Response in Opposition to Plaintiff's Renewed Motion to Compel. In support thereof, the City Defendants offer the following:

    **I.**    **ARGUMENT AND CITATION TO AUTHORITY**

**A. Plaintiff's Counsel Failed to Comply with Its Duty to Confer.**

FED. R. CIV. P. 37 states that a "motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The duty to confer in good faith is a prerequisite to filing

a motion to compel discovery and without a significant showing by the movant that this was done such a motion will be denied.[1] "The failure to make a good faith effort to confer with an opposing party about a discovery dispute is sufficient grounds to deny a motion to compel."[2]

While Plaintiff's original and renewed motions to compel both include a certification declaring an attempt in good faith to confer was made, such is not reality. Plaintiff's third requests for production[3] to Defendant City of Atlanta demanded the disclosure of what would surmount to thousands of pages of discovery and countless manhours to create documents that at this time do not exist. Less than 24 hours upon receipt of the City's responses and objections, Plaintiff's counsel sent a letter the following morning demanding production.[4]

Specifically, and without conferring with defense counsel, Plaintiff's counsel stated the information sought from Request No. 37 "is relevant and the City must produce it."[5] Plaintiff's counsel further stated that "[t]he City must supplement its

---

[1] *See Driscoll v. Shuttler*, 115 F.R.D. 571, 574-75 (N.D. Ga. 1987); *Madden v. Cleland*, 105 F.R.D. 520, 526 (N.D. Ga. 1985).
[2] *Bird v. Cap. One Bank (USA), N.A.*, 2014 WL 12863168, at *3 (N.D. Ga. Oct. 15, 2014) (Citing *Jones v. American General Life and Accident Ins. Co.,* 2002 WL 32073037, at *2 (S.D. Ga. 2002) (Not Reported)).
[3] Doc. 77-3.
[4] Doc. 77-6.
[5] *Id*. at p. 2.

response" in relation to Request No. 38 suggesting clear relevance to the *Monell* claim.[6] Finally, Plaintiff's counsel concluded the letter with the following language:

> We think the relevance of these requests is clear. Please supplement your responses no later than Friday, November 27, 2020 at 4:00pm. We are happy to have a phone call between now and then if you think it would help, but if we are unable to get the documents by next week, we will have to move to compel.[7]

On Monday November 23, 2020, undersigned counsel held a phone conference with opposing counsel informing them that due to the nature of the requests there was an inability to turn over these documents, especially given the time frame and overbreadth nature of the request. Attempting to resolve the dispute, undersigned counsel suggested that Plaintiff narrow the scope of the requests.

Rather than attempt to modify or work to an agreeable solution in good faith, Plaintiff's counsel chose to exercise the only option presented in the November 21, 2020 letter by filing its motion. Such facts are hardly representative of an attempt by Plaintiff's counsel to confer in good faith. Plaintiff's counsel, as evidenced by its

---

[6] *Id.*
[7] *Id.* at p. 3.

initial[8] and final[9] statements relating to Plaintiff's third requests for production, never had the intention to confer in good faith or seek to resolve the dispute. Production of the documents was demanded and without full compliance from the City, Plaintiff's counsel threatened a motion to compel. Plaintiff's counsel has not presented a significant showing otherwise; therefore, Plaintiff has not satisfied the prerequisite for filing this renewed motion to compel. Thus, City Defendants respectfully request this Court deny Plaintiff's renewed motion to compel for failure to comply with FED. R. CIV. P. 37.

### B. Federal Rule of Civil Procedure 26's Scope and Limitations.

Pursuant to FED. R. CIV. P. 26:

> Unless, otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case, considering the importance of the issues at stake** in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit**.[10]

---

[8] Doc. 77-3 at p. 2 (Plaintiff's counsel stated, "Plaintiff will agree to any reasonable extension as long as, by the extended deadline, Defendant responds as specified above so that no more back-and-forth will be required before Plaintiff is in possession of all properly-requested, non-privileged evidence and information.").
[9] Doc. 77-6 at p. 3.
[10] FED. R. CIV. P. 26. Emphasis added.

However, "[t]he discovery rules do not permit [a party] to go on a fishing expedition."[11] Additionally, a court is not required to grant a motion to compel where the requesting party makes no attempt to narrow the request.[12] Similarly, the discovery rules do not require a party to create a new document when responsive documents do not exist.[13] Where the burden of a discovery request outweighs its benefits, a court does not abuse its discretion in denying discovery.[14]

### C. Plaintiff's Discovery Requests Are Unduly Burdensome, Speculative, Require the Creation of New Documents, and Not Reasonably Calculated to Lead to the Discovery of Relevant and/or Admissible Evidence.

In Plaintiff's third requests for production of documents, Request number 37 reads as follows:

37.

> Please produce all documents, including, but not limited to memos, letters, and reports, whereby a City of Atlanta Police Department employee recommended, requested, or demanded, that a police officer's final disposition following an OPS investigation into the use of excess force be changed from "sustained" to "not sustained,"

---

[11] *Corines v. Broward County Sheriff's Dept.*, 326 Fed.Appx. 493, 498 (11th Cir. 2009) (citing *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)).
[12] *Wright v. AmSouth Bancorporation,* 320 F.3d 1198, 1205 (11th Cir.2003) (seeking discovery of disks or files created, modified, and/or accessed by the employees over a two and one-half year period).
[13] *Leidel v. Coinbase, Inc.*, 2019 WL 1585137, *2 (S.D. FL. Apr. 12, 2019); *Alston v. Swarbrick*, 2-17 WL 11489871, *2 (M.D. FL. Sept. 1, 2017).
[14] *Shannon v. Albertelli Firm, P.C.*, 610 Fed.Appx. 866, 871 (11th Cir. 2015).

        "exonerated," or "unfounded," from January 1, 2015 through the present.[15]

The City responded that the request was "overly broad, unduly burdensome, and not sufficiently limited to lead to the discovery of relevant or admissible evidence."

      The City asserts that Request No. 37 is unduly burdensome because a determination as to the number of "use of force" complaints that received a recommendation of sustained from the Atlanta Police Department's (APD) Office of Professional Standards (OPS) and the employee requested the determination be changed from sustained to another finding would take a case-by-case analysis of all use of force cases received from January 1, 2015 until present. This type of information requested by Plaintiff is not kept in the ordinary course of business and would require the City to create records and/or exemplars that do not exist.

      Additionally, although the OPS IAPro system compiles and tracks all complaints submitted to OPS, it does not track whether a recommendation was changed from sustained to any other outcome after the recommendation was made by OPS. This information was relayed to Plaintiff's counsel while seeking to confer to resolve the discovery dispute. Thus, Request No. 37 would require countless manhours to perform a case-by-case analysis of hundreds of investigations, over

---

[15] Doc. 77-3 at p. 4.

the past six (6) years, to determine the number of complaints that were sustained in OPS and then later requested by the employee for another outcome. The analysis would also require a review of every memo submitted by a commanding officer justifying the request to change the OPS recommendation. As a result, Request No. 37 is unduly burdensome.

The information in Request No. 37 that Plaintiff seeks to uncover is not sufficiently limited to lead to the discovery of relevant or admissible evidence. Plaintiff argues in his renewed motion to compel that the *Monell* claim is based on actions following an OPS investigation of excessive force. Plaintiff further argues that there is a 'widespread practice of failing to discipline its police officers" for excessive use of force.[16] However, Plaintiff refuses to narrow his requests to cover excessive force claims involving the physical use of force.

Request No. 37 is further complicated by the fact that "use of force", as defined by APD, includes the physical use of force, the use of an asp baton, pepper spray, taser, and firearm. For purposes of the subject proceeding, four of the five categories of "use of force" are not categories consistent with or relevant to the present matter as the amount of force necessary and required to arrest depends on the totality of the

---

[16] Doc. 77-2 at p. 5.

circumstances surrounding the arrest.[17] Requiring the City to review and produce "use of force" investigations where the legal standard and requirements for such use have no relevance to the underlying claims of the present matter is the definition of burdensome. This is exactly the type of "fishing expedition whose burdens and expenses outweigh their likely benefit."[18]

The proportionality requirement of FED. R. CIV. P. 26 requires the consideration of whether the information is discoverable in view of the needs of the case.[19] Request No. 38 is unduly burdensome and irrelevant because the time and effort required to produce the requested documentation is not proportional to the needs of this case and would not produce relevant information.

Request number 38 reads as follows:

> 38.
>
> Please produce all documents relating to OPS investigations into the use of excessive force where the City of Atlanta Police Department received a letter from the Atlanta Citizen Review Board recommending that an allegation of excessive force be "sustained," but the City of Atlanta found otherwise, e.g., "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.[20]

---

[17] *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).
[18] *Shannon*, 610 Fed.Appx. at 871.
[19] *Rollins v. Cone Distributing, Inc.*, 710 Fed.Appx. 814, 819 (11th Cir. 2017); *Alston*, 2017 WL 11489871 at *3.
[20] Doc. 77-3 at p. 4-5.

As an initial matter, Request No. 38 requests an analysis of documentation that is not kept in the ordinary course of business. OPS does not keep a running tally of cases in which OPS and the Atlanta Citizen's Review Board (ACRB) disagree. In fact, there is no requirement in the Atlanta City Code or APD Standard Operating Procedures (SOPs) that the ACRB and OPS agree as to recommendations of discipline. Thus, a requirement that the City Defendants search the databases of two City agencies to determine how often the two agencies – who are not required to agree and have used different standards to evaluate matters – disagreed is an exercise in futility that is not proportional to either the needs of the present matter or the legal determination and resolution of the claims presented in Plaintiff's Complaint. For those reasons, City Defendants respectfully request the Court reject Plaintiff's assertion that he is entitled to said documentation.

Dubious requests should not be mandated. In Plaintiff's third requests for production of documents, Request number 39 reads as follows:

39.

> Please produce all OPS recommendations to sustain allegations of excessive force against City of Atlanta police officers from January 1, 2015 through the present.[21]

---

[21] Doc. 77-3 at p. 5.

In *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987), the Eleventh Circuit held that "the number of complaints [of police misconduct] bears no relation to their validity." Furthermore, "[t]he relevance of past complaints against police officers is especially dubious since officers in high crime areas attract a greater number of citizens' complaints."[22]

Here, Plaintiff has requested the same type of information that the Eleventh Circuit has determined to be "dubious" and that "bears no relation to the validity" of the underlying claims. Furthermore, Plaintiff's request is not limited to the use of physical force, which requires a different analysis than the use of lethal or deadly force.[23] Thus, the City should not be required to respond to Request No. 39 because in addition to its dubious nature, it is also overly broad as it includes "use of force" categories that are neither relevant to nor indicative of the type of use of force claimed in the instant action.

Plaintiff's Request No. 40 is both overly broad, for the reasons outlined above in response to Request No. 39, and irrelevant. Request No. 40 states:

> 40.
>
> For every City of Atlanta police officer whom OPS investigated for the use of excessive force and recommended the allegation be sustained from January 1,

---

[22] *Brooks v. Scheib*, 813 F.2d 1191, 1194 (11th Cir. 1987).
[23] *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

> 2015 through the present, please produce that officer's Performance Evaluation for the period in which the use of excessive force occurred. **Note:** For example, if OPS investigated and recommended an allegation of excessive force be sustained against Officer John Smith arising from an incident that occurred on June 5, 2018, Officer's Smith's 2018 Performance Evaluation would be responsive.[24]

The potential discoverable information from this inquiry is irrelevant where both Sgt. Reese and former APD Chief Erika Shields testified that as supervisors in APD, they were not always aware of OPS investigations involving their subordinates when assessing performance evaluations.[25] As the mere initiation of a complaint does not ensure its validity[26], the fact that a supervisor is not aware of a pending investigation has little to no bearing on whether a subordinate officer has adequately performed their duties on a daily basis within the six (6) months to a year that is covered in the performance evaluation. Thus, Plaintiffs' request that the City produce performance evaluations for every officer that was sustained on a use of force violation requests documents that are unduly burdensome; the burden of the

---

[24] Doc. 77-3 at p. 5.
[25] 30(b)(6) Deposition of the City of Atlanta through Quentin Reese, 23:1 – 23; Deposition of former APD Chief Erika Shields, 82:19 – 23.
[26] *Brooks*, 813 F.2d at 1193.

11.

proposed discovery outweighs its likely benefit, and the requested documents bear no importance to the resolution of the issues presented in Plaintiff's Complaint.[27]

Finally, Plaintiff asserts entitlement to documents stemming from Request No. 41 which states:

> 41.
>
> Please produce all complaints, grievances, or other documents, where a City of Atlanta police officer complained that he or she experienced retaliation, retribution, or other negative treatment, after he or she either: (a) reported another officer for the use of excessive force, (b) offered a statement adverse to another officer accused of excessive force, or (c) testified in an official proceeding in a manner adverse to another police officer accused of excessive force.[28]

Request No. 41 requests documentation that is speculative, at best. Plaintiff has produced no evidence indicating that an APD officer has ever complained of retaliation based upon a report of excessive force and the City has found none. "The discovery process should not be a fishing expedition to learn if the speculative, conclusory allegations have any basis in fact."[29] Through Request No. 41, the Plaintiff seeks to use discovery to do just that. Thus, City Defendants respectfully

---

[27] FED. R. CIV. P. 26.
[28] Doc. 77-3 at p. 5-6.
[29] *Dubose v. City of Hueytown*, 2016 WL 3854241, *12 (N.D. AL. July 15, 2016) (citing *Iqbal*, 556 U.S. at 679-80).

request the Court reject Plaintiff's assertions and deny the renewed motion to compel in respect to Request No. 41.

## CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that this Court deny Plaintiff's Renewed Motion to Compel. In addition to failing to confer and despite Plaintiff's coloring of the facts of this case, Plaintiff's discovery requests are unduly burdensome, overly broad and/or irrelevant, speculative, and request documents and/or information that is not kept in the ordinary course of business by the City of Atlanta. As a result, Plaintiff is not entitled to the discovery requested.

Respectfully submitted this the 11th day of March 2021.

*/s/ Alisha Marie S. Nair*
**ALISHA MARIE S. NAIR**
Attorney
Georgia Bar No. 806033
amnair@atlantaga.gov
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
**JACQUITA PARKS**
Assistant City Attorney
Georgia Bar No. 205537
japarks@atlantaga.gov

City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4185
Fax: 404-588-3239

13.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TYLER GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO: 1:20-cv-2514-TWT** |
| | ) |
| **CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## <u>CERTIFICATION</u>

Counsel for the City Defendants hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

*/s/ Alisha Marie S. Nair*
**ALISHA MARIE S. NAIR**
Attorney
Georgia Bar No. 806033
amnair@atlantaga.gov

14.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: 1:20-cv-2514-TWT |
| CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5, | ) ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that on this day ***DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL***; was electronically filed using this Court's CM/ECF filing system and all parties listed below were served electronically as follows:

**JAMES E. BUTLER, III**
**MATTHEW R. KAHN**
10 Lenox Pointe Atlanta, Georgia 30324

This the 11th day of March 2021.

*/s/ Alisha Marie S. Nair*
**ALISHA MARIE S. NAIR**
Attorney
Georgia Bar No. 806033
amnair@atlantaga.gov

15.