## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE NO. 1-5,<br><br>     Defendants. | CIVIL ACTION<br>FILE NO. 1:20-cv-02514-TWT |

## ORDER

This is an alleged excessive force case under 42 U.S.C. § 1983 against two police officers and the City of Atlanta (the "City"). This matter comes before the Court on Plaintiff Tyler Griffin's Renewed Motion to Compel [Doc. No. 77]. A hearing was held on Monday, June 21, 2021. Having considered Plaintiff's Motion, including the parties' briefs and the arguments of counsel, the Motion was GRANTED IN PART and DENIED IN PART by rulings made in open court at the hearing. Those rulings are hereby confirmed by this ORDER.

1. **Request for Production No. 37.**

   Plaintiff's Request for Production No. 37 asked the City to produce:

   all documents, including, but not limited to memos, letters, and reports, whereby a City of Atlanta Police Department employee recommended, requested, or demanded, that a police officer's final disposition following an OPS investigation into the use of excess force be changed from "sustained" to "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

   ## 1.1. Ruling.

   The Court finds that instances in which an APD supervisor reverses an OPS finding of excessive force are relevant to Plaintiff's claim that the City has a widespread practice of failing to discipline police officers.  However, the Court finds that the relevant period should be limited to the twenty-four months before the April 5, 2019 incident.  The City has not met its burden of proving that the request for production is unduly burdensome.  Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Request No. 37.  The City is ORDERED to produce all documents responsive to Plaintiff's Request No. 37 within the twenty-four months before April 5, 2019 within a reasonable time from the entry of this Order.

2. **Request for Production No. 38.**

   Plaintiff's Request for Production No. 37 asked the City to produce:

all documents relating to OPS investigations into the use of excessive force where the City of Atlanta Police Department received a letter from the Atlanta Citizen Review Board recommending that an allegation of excessive force be "sustained," but the City of Atlanta found otherwise, e.g., "not sustained," "exonerated," or "unfounded," from January 1, 2015 through the present.

## 2.1. Ruling.

The Court finds that instances in which ACRB finds excessive force, but OPS does not, are relevant to Plaintiff's claim that the City has a widespread practice of failing to discipline police officers.  However, the Court finds that the relevant period should be limited to the twenty-four months before the April 5, 2019 incident.  The City has not met its burden of proving that the request for production is not proportional to the needs of the case or unduly burdensome.  Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Request No. 38.  The City is ORDERED to produce all documents responsive to Plaintiff's Request No. 38 within the twenty-four months before April 5, 2019 within a reasonable time from the entry of this Order.

## 3. <u>Request for Production No. 40.</u>

Plaintiff's Request for Production No. 40 asked the City to produce:

For every City of Atlanta police officer whom OPS investigated for the use of excessive force and recommended the allegation be sustained from January 1, 2015 through the present, please produce that officer's

Performance Evaluation for the period in which the use of excessive force occurred.   **Note:** For example, if OPS investigated and recommended an allegation of excessive force be sustained against Officer John Smith arising from an incident that occurred on June 5, 2018, Officer's Smith's 2018 Performance Evaluation would be responsive.

### 3.1. Ruling.

The Court finds that the performance evaluations of police officers who have been found to have used excessive force are relevant to Plaintiff's claim that the City has a widespread practice of failing to discipline police officers.  However, the Court finds that the relevant period should be limited to the twenty-four months before the April 5, 2019 incident.  The City has not met its burden of proving that the request for production is not proportional to the needs of the case or unduly burdensome.  Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Request No. 38.  The City is ORDERED to produce all documents responsive to Plaintiff's Request No. 38 where the use of excessive force occurred within the twenty-four months before April 5, 2019 within a reasonable time from the entry of this Order.

### 4. **Request for Production No. 41.**

Plaintiff's Request for Production No. 41 asked the City to produce:

all complaints, grievances, or other documents, where a City of Atlanta police officer complained that he or she experienced retaliation, retribution, or other negative treatment, after he or she either: (a) reported another officer for the use of excessive force, (b) offered a statement adverse to another officer accused of excessive force, or (c) testified in an official proceeding in a manner adverse to another police officer accused of excessive force.

### 4.1. Ruling.

The Court finds that internal APD grievances where an officer experienced retaliation for reporting the use of excessive force are relevant to Plaintiff's claim that the City has a widespread practice of failing to discipline police officers. However, the Court finds that the relevant period should be limited to the twenty-four months before the April 5, 2019 incident. The City has not met its burden of proving that the request for production is not proportional to the needs of the case or unduly burdensome. Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Request No. 41. The City is ORDERED to produce all documents responsive to Plaintiff's Request No. 38 within the twenty-four months before April 5, 2019 within a reasonable time from the entry of this Order.

### 5. <u>Conclusion</u>

Plaintiff's Renewed Motion to Compel [Doc. 77] is GRANTED IN PART and DENIED IN PART. Defendant City of Atlanta is ORDERED to produce documents

responsive to Plaintiff's Requests for Production within the twenty-four months before April 5, 2019, within a reasonable time from the entry of this Order.

SO ORDERED, this 25th day of _____June_____, 2021.

THOMAS W. THRASH, JR.
United States District Judge