IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYLER GRIFFIN,

Plaintiff,

v.

CITY OF ATLANTA, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:20-CV-2514-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendants'
Motion for Summary Judgment [Doc. 89] and the Plaintiff's Motion for
Sanctions Pursuant to Rule 11 [Doc. 102]. For the reasons set forth below, the
Defendants' Motion for Summary Judgment [Doc. 89] is DENIED and the
Plaintiff's Motion for Sanctions Pursuant to Rule 11 [Doc. 102] is DENIED.

Under Local Rule 56.1(B)(1), "[a] movant for summary judgment shall
include with the motion and brief a separate, concise, numbered statement of
the material facts to which the movant contends there is no genuine issue to
be tried." As the Rule indicates, such a statement of undisputed material facts
must be filed contemporaneously with the movant's motion and brief. Local
Rule 56 is not a mere formality. The Rule operates as both a sword and a salve
for the Court: "the parties are given an incentive to conform to the rule
(provided they wish to have their version of the facts considered), and the

T:\ORDERS\20\Griffin\20cv2514\msjtwt.docx

district court is in any case relieved of the obligation to ferret through the record." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (quoting *CMI Capital Mkt. Inv., LLC v. Gonzalez-Toro*, 520 F.3d 58, 63 n.2 (1st Cir. 2008)). These Local Rules are so important to this Court's case management that even *pro se* litigants will not be excused for noncompliance. *See Turner v. Wells Fargo Dealer Svcs., Inc.*, Civ. A. No. 1:17-cv-01257, 2017 WL 8222343, at *1 (N.D. Ga. Sept. 21, 2017) (citing *Kelly v. Old Dominion Freight Line*, 376 F. App'x 909, 913–14 (11th Cir. 2010)).

Here, the Defendants failed to include such a statement of undisputed material facts, a deficiency the Plaintiff argues is fatal to their Motion. (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 12–13.) Alongside his response, the Plaintiff filed his own statement of undisputed material facts. After the Plaintiff's response informed them of their error, the Defendants filed an untimely statement of undisputed material facts. This sequence of events, initiated by the Defendants' failure to comply with Rule 56.1(B)(1), undermines the process envisioned by this Court's Local Rules. Under that process, the movant presents its undisputed facts supported by evidence, the respondent admits or denies those facts and can present its own, and the Court evaluates the motion on the remaining undisputed facts. In this case, the Plaintiff was forced to respond to the Defendants' Motion without any claimed undisputed facts, and the Defendants' untimely statement of undisputed facts did not respond to the Plaintiff's timely filing. N.D. Ga. Local R. 56.1(B)(2)(b) (allowing

2

the nonmovant to file its own statement of additional undisputed material facts). These filings defeat the colloquy imagined by the Local Rules, presenting the Court with two discordant versions of the facts to reconcile. However, the Court need not undertake such effort. Under Local Rule 7.1(F), "[t]he Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." The Court will exercise such discretion here. All litigants before the Court are expected to follow this Court's Rules, especially those seeking judgment as a matter of law. The Defendants' Motion for Summary Judgment is thus denied.

In addition to the Defendants' Motion, the Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11 for the Defendants' filing of an allegedly frivolous Motion for Summary Judgment. (Pl.'s Mot. for Sanctions, at 1.) The Plaintiff largely reviews the evidence it described in its response to the Defendants' Motion for Summary Judgment to argue that the factual record and the relevant legal authorities indicate that their Motion lacks a legitimate purpose. (*Id.* at 4.) In response, the Defendants provide an overview of the evidence and arguments that support their case, arguing that the Motion was not filed without merit. (Defs.' Br. in Opp'n to Pl.'s Mot. for Sanctions, at 18.) The Defendants also argue that the Plaintiff filed his motion hours before the end of safe-harbor period, denying them the opportunity to withdraw their motion. (*Id.* at 8–9.)

Federal Rule of Civil Procedure 11 allows district courts to sanction an

3

attorney or party that "submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). "The selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (internal punctuation and quotation marks omitted). The available sanctions range from reprimands to dismissal with prejudice. *See* 5A Federal Practice and Procedure § 1336.3 (4th ed.). "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." *Riccard*, 307 F.3d at 1294 (internal quotation marks omitted).

As discussed above, the Court is exercising its discretion under the Local Rules to not consider the Defendants' Motion for Summary Judgment on the merits. A brief review of the materials filed in support of their Motion indicates that the Defendants made references to applicable law and argued the Plaintiff would be unable to make a sufficient showing to recover. Such a filing may be "weak," but it is unlikely to be sanctionable. Even if the Court were to adopt the Plaintiff's negative view of the Defendants' Motion, the Plaintiff did not request any specific sanction in his Motion, and the Motion has already been denied. Because of these specific circumstances and the denial of the Motion, the Court declines to impose sanctions against the Defendants and their

T:\ORDERS\20\Griffin\20cv2514\msjtwt.docx

counsel. The Plaintiff's Motion is denied.

Therefore, the Defendants' Motion for Summary Judgment [Doc. 89] is DENIED and the Plaintiff's Motion for Sanctions Pursuant to Rule 11 [Doc. 102] is DENIED.

SO ORDERED, this 3 day of August, 2021.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

5