# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| CITY OF ATLANTA, DONALD VICKERS ) | |
| MATTHEW ABAD, and JOHN DOES #1-5, ) | NO 1:20-CV-02514-TWT |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT CITY OF ATLANTA' RESPONSES
TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

COMES NOW, Defendant City of Atlanta (the "Defendant"), by and through its undersigned counsel, and responds to Plaintiff's First Request for Admission as follows:

**REQUEST FOR ADMISSION**

1.

Defendant Vickers used excessive force against Tyler Griffin on April 5, 2019.

**RESPONSE:** Defendant denies Request for Admission No. 1.

1

2.

Defendant Vickers violated Tyler Griffin's constitutional right to be free from the use of excessive or unreasonable force.

**RESPONSE:** Defendant denies Request for Admission No. 2.

3.

When Defendant Vickers tackled Tyler Griffin, he caused him serious injuries.

**RESPONSE:** Defendant denies Request for Admission No. 3.

4.

Defendant Abad had the opportunity to stop Defendant Vickers from tackling Tyler Griffin.

*RESPONSE:* Defendant denies Request for Admission No. 4.

5.

Defendant Abad did not do anything to stop Defendant Vickers from tackling Tyler Griffin.

*RESPONSE:* Defendant admits Request for Admission No. 5.

6.

Officers at the Atlanta Police Department often refuse to serve as truthful witnesses against other officers who have violated citizens' Constitutional rights.

*RESPONSE:* Defendant denies Request for Admission No. 6.

7.

The City of Atlanta is responsible for the violation of Plaintiff's constitutional rights because its policies, customs, and practices, were the moving force behind Plaintiff's injuries.

*RESPONSE:* Defendant denies Request for Admission No. 7.

8.

The City of Atlanta is responsible for the violation of Plaintiff's constitutional rights because of its widespread failure to discipline officers, which created a culture that tolerated the violation of citizens' rights was tolerated.

*RESPONSE:* Defendant denies Request for Admission No. 8.

## *Rules Governing Use of Force*

9.

When force must be used, City of Atlanta police officers are required to use force in an "objectively reasonable" manner.

*RESPONSE:* Defendant admits Request for Admission No. 9.

10.

City of Atlanta police officers should only use force in an encounter with a non-compliant or violent subject.

*RESPONSE:* Defendant admits Request for Admission No. 10.

11.

"Excessive force" is "force that is not reasonable."

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's Request for Admission No. 11 and is without sufficient knowledge or information to admit or deny Request for Admission No. 11. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 11.

12.

City of Atlanta police officers may use reasonable force to compel compliance with lawful commands.

*RESPONSE:* Defendant admits Request for Admission No. 12.

13.

City of Atlanta police officers may use reasonable force to overcome physical resistance by a subject.

*RESPONSE:* Defendant admits Request for Admission No. 13.

14.

City of Atlanta police officers may use reasonable force to prevent escape or restrain a subject for purposes of an arrest based on probable cause.

*RESPONSE:* Defendant admits Request for Admission No. 14.

15.

City of Atlanta police officers may use reasonable force to detain or restrain a subject during an investigatory stop based on articulable reasonable suspicion.

*RESPONSE:* Defendant admits Request for Admission No. 15.

16.

City of Atlanta police officers may use reasonable force to preempt a risk of injury to the officer or others (*e.g.*, self-defense or defense of others).

*RESPONSE:* Defendant admits Request for Admission No. 16.

17.

City of Atlanta police officers may use reasonable force to achieve other legitimate law enforcement purposes when mere presence and verbal commands fail.

*RESPONSE:* Defendant admits Request for Admission No. 17.

18.

Given an encounter with a non-compliant, non-violent subject, a City of Atlanta police officer is required to employ de-escalation techniques to stabilize the situation.

*RESPONSE:* Defendant denies Request for Admission No. 18.

*Encounter with Tyler Griffin*

19.

Tyler Griffin was un-armed at the time Defendant Vickers tackled him.

*RESPONSE:* Defendant admits Request for Admission No. 19.

20.

When Defendant Vickers tackled Tyler Griffin, Mr. Griffin was complying with Defendant Abad's commands.

*RESPONSE:* Defendant denies Request for Admission No. 20.

21.

When Defendant Vickers tackled Tyler Griffin, Mr. Griffin was not being violent.

*RESPONSE:* Defendant denies Request for Admission No. 21.

22.

Tyler Griffin was not resisting arrest when Defendant Vickers tackled him.

*RESPONSE:* Defendant denies Request for Admission No. 22.

23.

Tyler Griffin was not trying to escape when Defendant Vickers tackled him.

*RESPONSE:* Defendant denies Request for Admission No. 23.

24.

Tyler Griffin did nothing to indicate that he posed a risk of injury to Defendant Abad before Defendant Vickers tackled him.

*RESPONSE:* Defendant denies Request for Admission No. 24.

25.

There was no legitimate law enforcement purpose for tackling Tyler Griffin.

*RESPONSE:* Defendant denies Request for Admission No. 25.

26.

Defendant Abad made no attempt to de-escalate and stabilize the situation.

*RESPONSE:* Defendant admits Request for Admission No. 28.

27.

Defendant Vickers made no attempt to de-escalate and stabilize the situation before tackling Tyler Griffin.

*RESPONSE:* Defendant admits Request for Admission No. 27.

28.

Neither Defendant Abad nor Defendant Vickers performed a field sobriety test on Tyler Griffin.

8

*RESPONSE:* Defendant admits Request for Admission No. 28.

### *The Body Cam Footage*

29.

At 00:07 of the Body Cam Footage, Defendant Abad did a Google search on your iPhone for "ny dui law."

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 29 and is without sufficient knowledge or information to admit or deny Request for Admission No. 29. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 29.

30.

As a City of Atlanta police officer, Defendant Abad should have known how to handle a suspected DUI without the assistance of Google

*RESPONSE:* Defendant denies Request for Admission No. 30.

31.

Defendant Abad and Defendant Vickers were following Plaintiff in an un-marked vehicle.

*RESPONSE:* Defendant admits Request for Admission No. 31.

9

32.

Plaintiff had no way to know that the car following him was a police patrol car.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 32 and is without sufficient knowledge or information to admit or deny Request for Admission No. 32. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 32.

33.

Plaintiff did not know that the car following him was a police patrol car.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 33 and is without sufficient knowledge or information to admit or deny Request for Admission No. 33. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 33.

34.

Between 02:03 and 02:12 of the Body Cam Footage, Defendant Abad approached Plaintiff's vehicle with his gun drawn, his flashlight shining toward Plaintiff, and shouting.

*RESPONSE:* Defendant admits Request for Admission No. 34.

35.

Defendant Abad did not identify himself as a member of the Atlanta Police until 02:12 of the Body Cam Footage.

*RESPONSE:* Defendant admits Request for Admission No. 35.

36.

At 02:27 of the Body Cam Footage, Defendant Abad commands Plaintiff to get out of the vehicle with his gun drawn and aimed at Plaintiff.

*RESPONSE:* Defendant admits that Defendant Abad commanded the Plaintiff to get out of the vehicle with his gun drawn and aimed at Plaintiff. Defendant denies the remainder of Request for Admission No. 36.

37.

At 02:37 of the Body Cam Footage, Defendant Vickers appears in the frame from the driveway, pictured below:

*RESPONSE:* Defendant admits that Defendant Vickers appears in the frame from the driveway, as pictured in Plaintiff' Request for Admission No. 37. Defendant denies the remainder of Request for Admission No. 37.

38.

At 02:38 of the Body Cam Footage, Defendant Vickers ran toward Plaintiff and tackled him.

*RESPONSE:* Defendant admits Request for Admission No. 38.

39.

Defendant Abad saw Defendant Vickers as Defendant Vickers approached from the top of the driveway, went from a walk to a crouch, then from a crouch to a sprint.

*RESPONSE:* Defendant denies Request for Admission No. 39.

40.

When Defendant Vickers tackled Tyler Griffin, he broke Mr. Griffin's ankle.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 40 and is without sufficient knowledge or information to admit or deny Request for Admission No. 40. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 40.

### Costs and Attorney's Fees

41.

The City of Atlanta's legal counsel is defending Defendant Vickers and Abad in this lawsuit.

*RESPONSE:* Defendant admits Request for Admission No. 41.

42.

Defendant Vickers and Abad will not personally pay for any of the costs associated with this lawsuit.

*RESPONSE:* Defendant denies Request for Admission No. 42.

43.

Defendant Vickers and Abad will not personally pay for any of the attorney's fees incurred in the defense of this lawsuit.

*RESPONSE:* Defendant admits Request for Admission No. 43.

44.

The City of Atlanta will pay for the costs and attorney's fees incurred in the defense of this lawsuit on behalf of Defendants Abad and Vickers.

*RESPONSE:* Defendant denies Request for Admission No. 44.

45.

Any judgment entered against Defendant Vickers will be paid by the City of Atlanta.

*RESPONSE:* Defendant denies Request for Admission No. 45.

46.

Any judgment entered against Defendant Abad will be paid by the City of Atlanta.

*RESPONSE:* Defendant denies Request for Admission No. 46.

*Procedural*

47.

You have been correctly named in this case insofar as your legal name is concerned.

*RESPONSE:* Defendant admits Request for Admission No. 47.

48.

You have been properly served as a party defendant.

*RESPONSE:* Defendant admits Request for Admission No. 48.

49.

Process is sufficient with regard to you in this case.

*RESPONSE:* Defendant admits Request for Admission No. 49.

50.

Service of process is sufficient with regard to you in this case.

*RESPONSE:* Defendant admits Request for Admission No. 50.

51.

This Court has jurisdiction over the subject matter of this case.

*RESPONSE:* Defendant admits Request for Admission No. 51.

52.

This Court has personal jurisdiction over you.

*RESPONSE:* Defendant admits Request for Admission No. 52.

53.

On September 23, 2019, Mr. Griffin notified the City of Atlanta that he hired a lawyer to represent him regarding the injuries he received when you tackled him on April 5, 2019.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 53 and is without sufficient knowledge or information to admit or deny Request for Admission No. 53. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 53.

54.

Mr. Griffin provided the City of Atlanta with a "Claim for Damages" form dated September 20, 2019.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 54 and is without sufficient knowledge or information to admit or deny Request for Admission No. 54. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 54.

55.

Mr. Griffin's letter dated September 23, 2019 satisfied Georgia's ante litem requirements.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 55 and is without sufficient knowledge or information to admit or deny Request for Admission No. 55. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 55.

56.

Mr. Griffin's Claim for Damages form satisfied Georgia's ante litem requirements.

*RESPONSE:* Defendant has conducted a reasonable inquiry into Plaintiff's request for Admission No. 56 and is without sufficient knowledge or information to admit or deny Request for Admission No. 56. Therefore, out of an abundance of caution, Defendant denies Request for Admission No. 56.

57.

Venue is proper in this Court.

*RESPONSE:* Defendant admits Request for Admission No. 57.

58.

Plaintiff has not failed to join an indispensable party under O.C.G.A. § 9-11-19.

*RESPONSE:* Defendant admits Request for Admission No. 58.

Respectfully submitted this 2nd day of September, 2020.

    */s/ Jacquita Parks*
    **CALVIN WEIS BLACKBURN, III**
    Senior Attorney
    Georgia Bar No. 196674
    cblackburn@atlantaga.gov

                                      **ALISHA MARIE S. NAIR**
                                      Attorney
                                      Georgia Bar No. 806033
                                      amnair@atlantaga.gov
                                      **STACI J. MILLER**
                                      Assistant City Attorney
                                      Georgia Bar No. 601594
                                      sjmiller@atlantaga.gov
                                      **JACQUITA PARKS**
                                      Assistant City Attorney
                                      Georgia Bar No. 205537
                                      japarks@atlantaga.gov
                                      **Attorneys for Defendants**

**City of Atlanta Law Department**
55 Trinity Avenue SW, Suite 5000
Atlanta, GA 30303
Office: 404-546-4100 (*main*)
Fax: (404) 526-8518

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYLER GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| CITY OF ATLANTA, DONAL VICKERS, ) | |
| MATTHEW ABAD, and JOHN DOE # 1-5, ) | NO 1:20-CV-02514-TWT |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 2, 2020, I emailed a copy of the foregoing **DEFENDANT CITY OF ATLANTA'S RESPONSES TO PLAINTIFF'S FIRST REQEST FOR ADMISSIONS** to the following attorneys of record:

James E. Butler, III
Matthew R. Kahn
**BUTLER LAW FIRM**
10 Lenox Pointe
Atlanta, GA  30324
jeb@butlerfirm.com
matt@butlerfirm.com

By: */s/ Jacquita Parks*
**JACQUITA PARKS**
Assistant City Attorney
Georgia Bar No. 205537
japarks@atlantaga.gov
(404) 546-4181 *Direct*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA  30303-3520
(404) 546-4100 *main*
(404) 526-8518 *fax*