IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA ATLANTA
DIVISION

| | | |
|---|---|---|
| TYLER GRIFFIN | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:20-cv-2514 |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE # 1-5, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## BRIEF IN SUPPORT OF DEFENDANTS VICKERS AND ABAD'S MOTION TO STAY PROCEEDINGS

As required by Local Rule 7.1(A)(1), N.D.Ga., Defendants Donald Vickers and Matthew Abad jointly move the Court to stay all proceedings pertaining to this matter until a federal grand jury investigation into the activities of Defendants Vickers and Abad is concluded. For the reasons set forth below, these Defendants request this Court to grant their motion.

### I.  STATEMENT OF THE CASE

On June 15, 2020, Plaintiff Tyler Griffin commenced the current action pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Fourth and Fourteenth Amendments to the Constitution of the United States, naming the City of Atlanta

and two police officers as Defendants. [Doc. 1, *Complaint*, ¶ 19]. On August 13, 2020, Plaintiff filed his First Amended Complaint. [Doc. 20]. Count I of the Amended Complaint alleges that the Defendants are liable to Plaintiff under Section 1983 for "intentionally committing acts that violated Mr. Griffin's constitutional right to be free from the use of excessive or unreasonable force during an arrest." [Doc. 20, ¶ 95]. Specifically, Plaintiff alleges that Defendant Vickers "sprinted and tackled him to the ground" and that "officers forced him to walk on his broken ankle, worsening the injury and further violating [his] rights." [Id., ¶¶ 96, 97, 102]. In Count II, Plaintiff contends that, although allegedly Defendant Abad had a realistic opportunity to prevent Defendant Vickers from tackling Plaintiff, Abad failed to intervene. [Id., ¶¶ 104, 106, 109].

At the close of an extended discovery period, on May 3, 2021, all Defendants moved for summary judgment. [Doc. 89]. Subsequently, after a hearing on Plaintiff's pending motion to compel production of documents [Doc. 77], the Court issued an order granting in part and denying in part Plaintiff's motion to compel and directing the City to produce additional documents. [Doc. 107]. The Court then issued an Order declining to consider the Defendants' motion for summary judgment for failure to file an accompanying statement of undisputed material facts and also denying Plaintiff's motion for sanctions on the ground that the filing of Defendants' summary judgment motion was not sanctionable. [Doc. 110]. On September 8, 2021,

the Court issued an order granting Defendants' permission to file a motion for summary judgment and denying another motion for sanctions—this one regarding preparation of a pretrial order--filed by Plaintiff. [Doc. 119].

With leave, Defendants filed a second motion for summary judgment by which Defendants Abad and Vickers argued they are entitled to qualified immunity. [Doc. 125]. On February 4, 2022, this Court issued an Order granting the City's motion for summary judgment as to the Monell claim against it. [Doc. 138 at 16-20]. The Court also dismissed the excessive force claim based on the officers allegedly forcing Plaintiff to walk on his injured ankle. [Doc. 138 at 12-13]. However, the Court denied Officer Vickers' summary judgment motion as to the tackle, concluding that there are genuine issues of material fact as to whether the tackle violated Plaintiff's clearly established Fourth Amendment rights. [Doc. 138 at 11-12]. Likewise, the Court held that "there exist issues of material fact as to whether Officer Abad violated the Plaintiff's clearly established rights by failing to intervene in Officer Vickers' tackle." [Doc. 138 at 15-16].

After Plaintiff filed a Notice of Appeal regarding the portions of the Order granting Defendants City of Atlanta and Vickers' motion for summary judgment [Doc. 141], this Court granted a Consent Motion to Stay Pending Appeal. [Docs. 144, 145]. On April 25, 2022, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. [Doc. 150]. The same day, Plaintiff filed a Motion for Reconsideration

of the summary judgment order to the extent it dismissed the City and the "force to walk" claim. [Doc. 152], which remains pending.

The parties filed a pretrial order which this Court entered on June 7, 2022. [Doc. 157]. This Court set the remaining claims for trial on September 29, 2022. [Doc. 156].

On July 13, 2022, this Court granted a motion for prior counsel to withdraw. Recognizing a potential conflict between the two defendants, prior counsel withdrew and separate outside counsel has been substituted for the City of Atlanta Law Department. On July 13 and 18, 2022, new counsel appeared on behalf of Defendant Abad. [Docs. 161, 162, 163]. In addition, new counsel appeared on behalf of Defendant Vickers on July 19, 2022. [Doc. 164].

Upon contacting their new clients, the undersigned learned that the Fulton County District Attorney is investigating the incident at issue in this civil suit and intends to present the matter to the Grand Jury. The undersigned do not represent either of the defendant officers in connection with the criminal proceedings.

The timing of the criminal investigation is both unusual and unfortunate. Over three years since the incident occurred on April 5, 2019, the civil case has proceeded through the discovery period, during which both Defendants gave depositions. At that point, neither they nor their attorneys had any reason to believe Defendants

might become targets and/or witnesses to a criminal proceeding. Now, however, both Defendants will be reluctant in light of their Fifth Amendment privilege against possible self-incrimination to testify at trial of this matter until the Grand Jury proceedings are concluded. In this civil suit, Plaintiff seeks to hold them liable for damages for which there is no indemnification under the City of Atlanta Code. Despite their personal financial interest in the outcome of this trial, however, they now must prioritize the criminal proceeding. For this reason, this Court must exercise its inherent authority and stay this action until the Grand Jury investigation is concluded or the District Attorney's Office closes its investigation.

## I. ARGUMENT AND CITATION OF AUTHORITY

### A. Defendants Request a Stay of Proceedings Due to the Pending Criminal Investigation

Generally speaking, grand jury investigations are intended to be secret, and the Courts have an interest in maintaining that secrecy. White v. Mapco Gas Products, Inc., 116 F.R.D. 498, 503 (E.D. Ark. 1987). Additionally, district courts have broad discretion and inherent authority to stay cases when justice so requires. Ventura v. Brosky, 2006 WL 3392207 (S.D. Fla., Nov. 21, 2006) (*citing* CTI-Container Leasing Corp. v. Uiterwyk Corporation, 685 F.2d 1284, 1288 (11th Cir. 1982)); Rogers v. City of Atlanta, 214 F.Supp.3d 1314 (N.D. Ga. 2016); National Association of Government Employees v. Mulligan, 849 F.Supp.2d 167, 172-73 (D.

Mass. 2012) (discussing inherent discretionary authority to grant stays in civil actions).

In exercising that discretionary authority in circumstances in which there are overlapping civil and criminal matters, the courts in this Circuit evaluate six (6) criteria. These factors are the following:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*See* Microsoft Corporation v. Sales International, LLC, 2007 WL 9702354 (N.D. Ga. Jan. 23, 2007)(citing Hicks v. City of New York, 268 F.Supp.2d 238, 241 (E.D.N.Y. June 21, 2003); S.E.C. v. HealthSouth Corporation, 261 F. Supp.2d 1298, 1326 (N.D. Ala. 2003); Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995)). When this Court weighs these factors, in light of the circumstances in this matter, the appropriateness of a stay is clear.

### 1. The Factual Issues Giving Rise to The Criminal Case Are Identical to Those Presented by The Civil Case.

Plaintiff in this Section 1983 civil suit is challenging the actions of the defendant police officers on the night in question. The criminal charges now under

investigation by the District Attorney arise out of that very same interaction. In other words, the facts and circumstances in this civil case are <u>identical</u> to those that gave rise to the criminal charges. This is not a case where the criminal investigation merely intersects or overlaps in some manner with the civil case. Here, where the criminal investigation is identical in subject matter to the civil suit, this Court should grant the requested stay. <u>National Association of Government Employees v. Mulligan</u>, 849 F.Supp.2d 167, 173 (D. Mass. 2012) ("pendency of parallel criminal investigation" is a situation where stay is appropriate); <u>S.W. v. Clayton County Public Schools</u>, 185 F.Supp.3d 1366, 1372-73 (N.D. Ga. 2016) (stay granted where "clear overlap between the claims against [defendant] and the criminal charges he faces"). The factor weights conclusively in favor of a stay. <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted when the civil and criminal actions involve the same subject matter.")

> **2. The Status of The Criminal Investigation Which Has Recently Been Initiated Weighs in Favor of Granting the Stay.**

In this case, presentation to the Grand Jury is in process. In such circumstances, where there is "light at the end of the tunnel," there is greater willingness on the part of the courts to stay the matter to allow the criminal matters to come to conclusion. <u>S.W.</u>, 185 F.Supp.3d at 1373; <u>Prosper v. Martin</u>, 239

F.Supp.3d 1347 (S.D.Fla. 2017); Securities & Exchange Commission v. LaGuardia, 435 F.Supp.3d 616 (S.D.N.Y. 2020).

This is not a case where the investigation has been stagnant for many months and is not resulting in activity. *Compare* Estate of Hernandez-Rojas v. Customs & Border Patrol Agent 7663, 11-CV-0522-L DHB, 2012 WL 5429091, at *7 (S.D. Cal. Nov. 7, 2012). Rather, the newly elected District Attorney is investigating the incident and preparing to present the matter to the Grand Jury. Under this pressure, it is likely that the charged officer(s) will decline to testify in the civil case. The courts in this Circuit and in other circuits, however, have emphasized that the implication of a Fifth Amendment privilege is not a necessary condition to granting a stay. Young v. Miami Dade County, 217 F.Supp.3d 1353, 1355 (S.D. Fla. 2016) (citing Perkins v. City of Miami Beach, Civil Action File No. 14-CV-21923-UNGARO (slip op.)). Even if the Fifth Amendment rights of both Defendants in this action are not directly implicated, a stay is warranted when there is an ongoing criminal investigation that may hinder the defense of a civil matter. White v. Mapco Gas Production, 116 F.R.D. 498, 502 (E.D. Ark. 1987). Because the new prosecutor's investigation is recently commenced, and the results are uncertain, it is appropriate to stay these matters until the investigation is concluded. As noted above, the defendants anticipate that the matter should be presented to the Grand Jury within the next few months.

### 3. Any Interest of the Plaintiff in Proceeding Expeditiously Does Not Weigh Against A Stay.

At this point for the Plaintiff, this case is primarily an issue of whether there will be any award of money damages, as well as the potential attorney's fees that Plaintiff's counsel seeks to recover. There is no claim for declaratory or injunctive relief. In other words, this case as far as these Plaintiff and his counsel are concerned is primarily about money. The other factors clearly outweigh this minimal interest. Integrated Generics, Inc. v. Bowen, 678 F. Supp. 1004 (E.D.N.Y. 1988) (when plaintiffs no longer have risk of ongoing harm, plaintiffs' interest in proceeding is more minimal).

Moreover, Plaintiff himself does not appear to be determined to try this case as soon as possible. On the contrary, in his pending Motion for Reconsideration, Plaintiff requests as alternate relief that this Court certify the February 4th summary judgment Order for interlocutory appellate review. (Doc. 152 at 41). Should this Court grant such relief, it is likely that the Grand Jury proceedings would conclude prior to an interlocutory appeal.

### 4. The Burden On The Defendants Substantially Weighs In Favor of a Stay.

The courts in the Eleventh Circuit have noted that when there is a "concurrent civil and criminal proceeding, the Court must stay a civil proceeding pending resolution of the related criminal prosecution when 'special circumstances' serve the

'interests of justice.'" Ventura v. Brosky, 2006 WL 3392207 (S.D. Fla. Nov. 21, 2006) (*quoting* United States v. Lot 5, Fox Grove, Alachua County, 23 F.3d 359, 364 (11th Cir. 1994)). This is such a case involving special circumstances. The Ventura case is in some ways similar to this one. In that case, some of the defendants were subject to criminal prosecution. The court noted that the possible prejudice the parties could suffer in the defense of the suit compelled a stay until the conclusion of the criminal investigation.

Like the circumstances in Ventura, the criminal investigation is examining the exact facts and circumstances for which Plaintiff seeks to hold Defendants liable. The pendency of the criminal investigation could hinder the defense for at least one, if not both, Defendants to their prejudice. Therefore, this factor weighs heavily in favor of the grant of a stay. Integrated Generics, Inc. v. Bowen, 678 F. Supp. 1004, 1009 (E.D.N.Y. 1983) (court's concern is to "allow a civil litigant his fair day in court while at the same time ensuring the integrity of the grand jury proceedings.")

### 5. The Court's Interest Should Weigh In Favor of a Stay.

While Defendants hesitate to characterize the Court's interest in this particular matter, they note that it serves the interest of justice to stay this matter until the Grand Jury proceeding is concluded. Given the fact that the existence of the criminal investigation would deprive the Defendants of a fair and vigorous defense, and this

Court and a fact-finding jury of important facts and testimony in achieving the ultimate resolution of the truth, it would seem that it would be in the Court's interest to grant the motion to stay. *See* Integrated Generics, 678 F. Supp at 1009 (court's interest is to see that civil litigant has a fair day in court). In addition, Defendants note that there remains a "pandemic backlog" such that a stay of this particular matter should not unduly stall the Court's docket. Finally, Plaintiff has filed a motion for reconsideration, which remains pending, and as alternative relief has sought a certificate of immediate review. Should this Court grant that request, Plaintiff has indicated he intends to pursue an interlocutory appeal. For all these reasons, a stay during the pendency of the criminal investigation is appropriate and should not adversely impact the Court.

### 6. The Public's Interest Does Not Weigh Against a Stay.

There are several angles to this particular criterion. This factor, however, is primarily an issue when there are public threats such as allegations of securities violations, allegations regarding improper drug labels, or issues of anti-trust activities and market collusion. White v. Mapco Gas Products, 116 F.R.D. 498, 503 (E.D. Ark. 1987); Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (public interest factor primarily in play when there is a "tangible threat of immediate and serious harm to the public at large"). None of these public concerns are present in

this matter. There is certainly no public interest that outweighs the other factors that weigh in favor of a stay.

B. <u>**Alternatively, Defendants Request a Continuance of the Trial.**</u>

For the reasons discussed above, Defendants respectfully request a stay of the proceedings. If this Court declines to do so, however, Defendants alternatively request that this Court continue the scheduled trial until the next available calendar. Defendants request this relief in hopes that it would allow sufficient time to Grand Jury to conclude its investigation. In addition, previous counsel became aware of the potential for a conflict of interest between Defendants and so withdrew from the case. The undersigned defense counsel were retained on behalf of the Defendants just two months prior to the scheduled trial. To enable counsel sufficient time to become familiar with the lengthy record in this matter and to prepare for the upcoming trial, Defendants request a short continuance. In addition, counsel for Defendant Vickers has an over-lapping arbitration that was previously scheduled. As discussed above, Plaintiff has a pending motion for reconsideration and a request for a certificate of immediate review; therefore, Plaintiff should not be unduly burdened by a short continuance of four to six weeks. For all these reasons, Defendants request that this Court grant their motion for a continuance should it deny their motion to stay.

## II. CONCLUSION

All of the factors weigh in favor of granting the stay. Two of the factors, the overlap between the facts of the civil and criminal matters and the interests of the Defendants weigh decisively in favor of the stay. The other factors, although perhaps more attenuated, still weigh in favor of the stay and none weigh against the stay. For these reasons, Defendants respectfully request that the Court stay this action until the criminal proceedings are resolved.

As demonstrated above, on many occasions the courts in this circuit and elsewhere have stayed civil proceedings to allow criminal proceedings to run their course. Respectfully, Defendants Vickers and Abad move this Court to stay proceedings in this case until the Grand Jury proceedings are concluded. In the alternative, Defendants move this Court to continue the trial until the next available trial calendar.

Respectfully submitted, this 28th day of July, 2022.

                                      **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

                                        */s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email: kwoodward@cmlawfirm.com
Direct Dial: 404-881-2623
Sean Keenan
Georgia Bar No. 523871
Email: skeenan@cmlawfirm.com
Direct Dial: 678-684-2154

*(Attorneys for Defendant Donald Vickers)*

275 Scientific Drive
Suite 2000
Peachtree Corners, GA 30092

CAROTHERS & MITCHELL, LLC

By: */s Thomas M. Mitchell*
    Thomas M. Mitchell
    Georgia Bar No. 513597
    *(with express consent by Karen E. Woodward)*

*(Attorneys for Defendant Matthew Abad)*

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 (FAX)
Email:
thomas.mitchell@carmitch.com

# CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 28th day of July, 2022.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen Woodward*
Karen Woodward
Georgia Bar No. 775260

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the within and foregoing **BRIEF IN SUPPORT OF DEFENDANTS VICKERS AND ABAD'S MOTION TO STAY PROCEEDINGS** with the Clerk of Court using the CM/ECF file and serve system, which will serve an electronic copy of same upon all counsel of record, as follows:

>Matthew R. Khan
>James E Butler, III
>The Butler Law Firm
>10 Lenox Pointe
>Atlanta, Georgia 30324
>jeb@butlerfirm.com
>matt@butlerfirm.com

>*(Attorneys for Plaintiff)*

This 28th day of July, 2022.

>**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**
>
>*/s/ Karen Woodward*
>Karen Woodward
>Georgia Bar No. 775260